**SO ORDERED.**

**SIGNED this 16 day of July, 2008.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **LEE TRACTOR CO., INC.** | **07-03928-8-RDD** |
| **DEBTOR** | |

### ORDER APPROVING ATTORNEY'S SECOND APPLICATION
### FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

This matter is before the court on the debtor's attorney's second application for compensation and reimbursement of expenses. Counsel for the Bankruptcy Administrator filed an objection to the attorney's application. A hearing was held in Greenville, North Carolina on June 24, 2008.

The attorneys for the debtor submitted a second application for compensation on May 16, 2008. The application requested $131,088.52, including $125,004.00 for services rendered, $1,763.89 in expenses, and $4,320.63 in costs advanced. On behalf of the debtor, services were rendered by several attorneys, including Trawick H. Stubbs, Jr., George M. Oliver, Laurie B. Biggs, and Jennifer Bennington. The work performed under this application was performed between January 17, 2008 and May 16, 2008. During the course of that time period, Mr. Stubbs' hourly rate

increased from $325.00 to $350.00; Mr. Oliver's hourly rate increased from $245.00 to $295.00; Ms. Biggs' hourly rate increased from $185.00 to $235.00; and, Ms. Bennington's hourly rate increased from $125.00 to $165.00.

At the hearing, Mr. Oliver indicated that the Bankruptcy Administrator's only issue with the fee application is the increase in rates of Mr. Oliver, Ms. Biggs, and Ms. Bennington. Mr. Oliver provided a transcript of a hearing regarding attorney's fees for creditor's counsel in <u>In re Pak-a-Sak Food Stores, Inc.</u>, Case No. 06-04078-8-JRL (Bankr. E.D.N.C., Jan. 9, 2008), which discussed the current attorney fee rates for several attorneys practicing with Kennedy, Covington, Lobdell & Hickman. After reviewing some of these rates, Mr. Oliver indicated that Ms. Bennington graduated in 2006 and clerked for Judge J. Rich Leonard for one year. He indicated that Ms. Biggs has been practicing since 2003 and that 95% of her practice is in chapter 11 bankruptcy. Finally, Mr. Oliver indicated that he graduated from law school in 1999, and began practicing with Stubbs & Perdue in 2001. He further explained that he is certified in bankruptcy law through the North Carolina State Bar. Mr. Oliver argued that, although the Bankruptcy Administrator is objecting to a rate increase in the middle of a pending case, the letter of engagement notified the client of the possibility of a rate increase during the case, and the client is not objecting to the fee application.

Counsel for the Bankruptcy Administrator agreed that the objection was more to the process of applying the rate increase than to the actual rates charged. She indicated that the Bankruptcy Administrator typically objects to any rate increase of more than $25.00 per hour. However, no evidence was presented to justify such a limit to any requested increase of $25.00 per hour. Some mention was made that the Bankruptcy Administrator requested attorneys to not request an hourly

fee increase during the pendency of the Chapter 11 case, but the court is unsure if this is an adopted policy of the Office of Bankruptcy Administrator, or if it is an unwritten rule or suggestion.

Mr. Oliver indicated that, after studying the transcript of the Pak-a-Sak case, the rates were increased to reflect the attorneys' experience and to reflect Mr. Oliver's certification as a specialist in the area of bankruptcy. He explained that the attorneys were trying to align their fees with the current market. Mr. Oliver further indicated that the fees also informally reflect a risk of loss factor, as chapter 11 work is always considered to be contingent fee work to a certain extent.

At the hearing, Mr. Lee Hogewood indicated that, although he has charged $275.00 per hour as counsel for an unsecured creditors' committee, he did so only to gain experience serving such a committee. He indicated that he generally charges $425.00 per hour. In addition, Mr. Michael Flanagan, who was present at the hearing, stated that he was represented by Stubbs and Perdue while serving as a receiver in a case and had no complaints and was most satisfied with the quality of the services performed. He further indicated that chapter 11 bankruptcy is complicated work.

11 U.S.C. § 330(a)(3) provides:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

>    (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

The court finds that the services performed in this matter were done so in a timely manner and were all necessary to the administration of this case. The court further finds that the services were performed within a reasonable amount of time. After reviewing the fees delineated in the <u>Pak-a-Sak</u> case, as well as reviewing fees charged by other attorneys throughout the Eastern District of North Carolina, the court finds that the hourly rates charged by Mr. Stubbs, Mr. Oliver, Ms. Biggs, and Ms. Bennington were reasonable. Even though the proposed increases in the hourly rates represent increases ranging from 7.7 to 32 percent,[1] such amounts are not out of line with what other experienced Chapter 11 practitioners charge in this district. On their face, these percentage increases may be perceived as excessive, but in effect, they bring the fees to be charged at the higher rate more in line with the competition in this district. Such percentage increases may not be so justified in future applications. After reviewing fees charged by other chapter 11 practitioners, the court finds hourly rates, depending on experience, range between $175.00 and $400.00. Chapter 11 debtor work is not only complicated, but demanding of counsel's time and resources. Another factor to be considered is the increasing cost of operating a law firm, including the costs of insurance, personnel, supplies, equipment, software, and travel. The court further finds that the increases in fees charged by Mr. Oliver, Ms. Biggs, and Ms. Bennington, to which the Bankruptcy Administrator objected, were reasonable increases considering the experience and quality of the legal work

---

[1] Mr. Stubbs hourly rate would increase by $25.00 from $325.00 to $350.00, or 7.7%. Mr. Oliver's hourly rate would increase by $50.00 from $245.00 to $295.00, or 20%. Ms. Biggs' hourly rate would increase by $50.00 from $185.00 to $235.00, or 27%. Ms. Bennington's hourly rate would increase by $40.00 from $125.00 to $165.00, or 32%.

performed, the hourly rate of attorneys with similar experience in the Eastern District of North Carolina, knowledge of the customary fees charged by creditor's counsel, according to their years of experience, brought to light by the Pak-a-Sak case, as well as the court's own observation of the excellent quality of work performed by Mr. Stubbs, Mr. Oliver, Ms. Biggs, and Ms. Bennington. The firm of Stubbs and Perdue, P. A., with offices in New Bern and Raleigh, holds itself out as an experienced firm in Chapter 11 matters and in fact, acts as counsel for many Chapter 11 debtors in this district.   Therefore, the attorneys' second application for compensation and reimbursement of expenses is **ALLOWED**.

    **SO ORDERED**.

**END OF DOCUMENT**